**TAESALI of Utulei, Plaintiff**

**v.**

**SAMUELA of Utulei, Defendant**

## No. 13-1958

## High Court of American Samoa

Civil Jurisdiction, Trial Division

## July 18, 1958

---

Heard at Fagatogo on June 18, 1958 before MORROW, *Chief Judge*, and MALEPEAI and LETULIGASE-NOA, *Associate Judges*.

Taesali *pro se*.

Samuela *pro se*.

## OPINION AND ORDER

MORROW, *Chief Judge.*

Plaintiff filed his petition on June 9, 1958 praying for an order restraining the defendant from continuing the erection of his house on certain land in Utulei and also for an order evicting the defendant from said premises.

The premises are a small tract to the rear of the Samoan High School in Utulei. The land involved is the communal family land of the Afoa, Lutu, Tupua, and Taesali titles while its possession is vested in the Taesali title by an agreement made many years ago by the then Afoa, Lutu, Tupua, and Taesali representing their respective families. Such was the decision of this Court in the case of *Taesalialii of Utulei v. Tuloto and Pauesi of Utulei*, No. 8-1954 (H.C. of Am. S.).

The evidence in this case shows that the defendant Samuela is a member of the Taesali Family. His great-grandmother was Tualima. She was the blood daughter of Afoa and the blood sister of Taesali Taeletoto and Taesali Lo'i, the first two Taesalis. She was the mother of Taesali Fuavailili. Samuela rendered service in accordance with Samoan customs to Taesali Siaosi. Through the acceptance of such service as a family member, he was recognized as a member of the Taesali Family. Samuela's father rendered service to the Taesali.

In 1954 Taesali Siaosi (he died in 1954), the then matai of the Taesali Family, authorized Samuela, as a member of the Taesali Family, to build a house on the land involved. In reliance upon this assignment of the possession of the land to him by the matai, in accordance with Samoan customs, Samuela entered upon it and put in footings for cement posts and later the posts upon which to erect the house which the plaintiff is now seeking to restrain the defendant from erecting. Prior to putting the footings Sa-

360

muela submitted an application together with plans for the house to the Governor for permission to erect the building. This was done pursuant to Sec. 1176 of the A. S. Code. His application was approved by Lutu, Afoa, and Tupua prior to its submission. The Governor granted the application.

██ Plaintiff, who is also a member of the Taesali Family, was registered as the Taesali on May 19, 1958. He, as the matai of the family, has ordered Samuela not to build the house. As matai, he does not of course own the land nor is he entitled to its exclusive possession. The land itself is the communal property of the Afoa, Lutu, Tupua, and Taesali families. The right of possession is vested in the Taesali Family. Plaintiff himself has no more property rights in this land than any other member of the Taesali Family. Its possession is the property right of the Taesali Family subject to assignment by the matai, in accordance with Samoan customs, to a specific member of the Family.

██ ██ As before stated this assignment was made by Taesali Siaosi to Samuela, a Taesali Family member, in 1954. It is our opinion that the assignment having been made by the then matai in accordance with Samoan customs, cannot now, after it has been relied upon by family member Samuela (as it has been by putting in the footings and erecting the cement posts), be subsequently revoked by the new matai. We think, under the facts in this case, as disclosed in the evidence, that any such revocation would constitute a violation of Samoan customs. Ordinarily an assignment of land for a house and plantation purposes (in this case its possession) by the matai to a family member is for the latter's lifetime, and it cannot be revoked and the family member deprived of its possession, except for good cause and no such cause was shown in this case. Sec. 2 of

the A. S. Code provides that "The customs of the Samoans not in conflict with the laws of American Samoa or the laws of the United States concerning American Samoa shall·be preserved." The customs of the Samoans with respect to the right of a family member to occupy family land has not been altered by any law of either American Samoa or of the United States concerning American Samoa.

### ORDER

Accordingly, it is hereby ORDERED that the petition of the plaintiff be and the same is hereby dismissed.

Costs in the sum of $12.50 are hereby assessed against plaintiff Taesali, the same to be paid within 30 days.